IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

HAZZARD'S EXCAVATING AND
TRUCKING, INC.,

    Plaintiff,

v.                                  CIVIL ACTION NO: 1:18-00062

WEST VIRGINIA COAL
RECLAMATION COMPANY, LLC,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the court pursuant to a sua sponte review of the court's subject matter jurisdiction. A federal court has an obligation to sua sponte remand a case removed from state court if the federal court lacks subject matter jurisdiction over the case. Doe v. Blair, 819 F.3d 64, 66-67 (4th Cir. 2016). Additionally, the party seeking to preserve removal has the burden of showing removal requirements have been met. See In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006). Here, defendant West Virginia Coal Reclamation Company, LLC ("WVCRC") fails to meet its burden.

## Applicable Law

Since 1990, federal courts have used the Carden principle for determining an unincorporated association's citizenship for purposes of federal diversity jurisdiction. See Carden v. Arkoma

1

Associates, 494 U.S. 185, 195 (1990). Federal courts broadly interpret the Carden principle as stating that an unincorporated association is a citizen of each state where its constituent members are citizens. The Carden principle likewise extends to limited liability companies, which have characteristics of both corporations and partnerships, but are nonetheless unincorporated as that term applies to the traditional corporate form. Indeed, the Fourth Circuit and federal district courts within the Fourth Circuit have specifically held that, for purposes of federal diversity jurisdiction, a limited liability company is a citizen of each of the states where its members are citizens. See Gen. Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114, 120 (4th Cir. 2004); O'Connor v. Columbia Gas Transmission Corp., CIV 3:09CV00022, 2009 WL 1491035 (W.D. Va. May 26, 2009)("limited liability company is a citizen of every state in which any one of the owners of the company is a citizen.").

## Discussion

The Notice of Removal identifies WVCRC as a "limited liability company foreign to the state of West Virginia. . . . Specifically, the Defendant is a Delaware corporation whose headquarters and principal place of business are located in the state of Illinois. Thus, the Defendant is a citizen or resident of either the State of Illinois or the State of Delaware for purposes of determining diversity of citizenship." Notice of

Removal at p. 2 (ECF No. 1).  WVCRC cannot be both a corporation and a limited liability company at the same time. WVCRC attempts to apply the principal place of business test for corporate citizenship to "West Virginia Coal Reclamation Company, LLC." This test simply does not apply to limited liability companies. Instead, as outlined above, a limited liability company is a citizen of each of the states where its members are citizens.

Accordingly, the court **ORDERS** WVCRC to file an Amended Notice of Removal within ten days from entry of this Memorandum Opinion and Order to satisfy its burden of preserving removal. Specifically, WVCRC should clearly establish (1) whether it is a corporation or limited liability company, (2) if WVCRC is a limited liability company, the citizenship of each of its members, and (3) any other facts that would help this court determine whether federal subject matter jurisdiction exists in this case.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** on this 5th day of March, 2018.

ENTER:

David A. Faber
Senior United States District Judge